## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WAYNE MORELLO, on behalf of himself and all others similarly situated,

Plaintiff(s),

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1-25.

Defendant(s).

Civil Case No.:_____

## CIVIL ACTION

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WAYNE MORELLO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PORTFOLIO"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      PORTFOLIO has a business location at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8.      Upon information and belief, Defendant PORTFOLIO is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      PORTFOLIO is a "debt collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who were sent letters and/or notices from PORTFOLIO, concerning a debt owed to it, which was charged off by Capital One Bank, and which included the alleged conduct and practices described herein.

The Class period begins one year to the filing of this Action.

The class definition may be subsequently modified or refined.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. PORTFOLIO collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. PORTFOLIO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to July 18, 2013, Plaintiff allegedly incurred a financial obligation to Capital One Bank ("CAPITAL") and/or Orchard Bank ("ORCHARD") collectively ("CAPITAL/ORCHARD").

18.     Sometime prior to July 18, 2013, the July 18, 2013 obligation was declared to be in default.

19.     Sometime prior to July 18, 2013, the July 18, 2013 obligation was charged by CAPITAL.

20.     CAPITAL is a "creditor" as defined by 15. U.S.C. § 1692a(4).

21.     ORCHARD is a "creditor" as defined by 15. U.S.C. § 1692a(4).

22.     Sometime prior to July 19, 2013, CAPITAL, either directly or through intermediate transactions assigned, sold, or transferred the CAPITAL/ORCHARD obligation to PORTFOLIO.

23.     At the time the CAPITAL/ORCHARD obligation was assigned, placed, or transferred to PORTFOLIO, such obligation was in default.

24.     PORTFOLIO, caused to be delivered to Plaintiff a letter dated January 24, 2018 concerning the alleged CAPITAL/ORCHARD obligation, which stated a "Total Balance" of $1,271.01.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

25.     The January 24, 2018  letter was sent or caused to be sent by persons employed by PORTFOLIO as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.     The January 24, 2018  letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the January 24, 2018 letter.

28.     The alleged CAPITAL/ORCHARD obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

29.     The January 24, 2018 letter stated in part:

Here is a summary of additional information listed in the electronic file for this account

| | |
|---|---|
| Account holder's Name Provided By Seller: | WAYNE MORELLO |
| Account holder's Last 4 Digits of SSN: | 9054 |
| Date Account Opened Provided by Seller: | 08/10/2011 |
| Balance at date PRA, LLC purchase: | $1,193.15 |
| Interest accrued since the date of purchase or last payment to PRA, LLC | $0.00 |
| Costs and Other Fees: | $0.00 |
| Total Balance: | $1,271.01 |

30.     PORTFOLIO regularly sends letters to consumers concerning debts, which states different amounts for the balance at the date PORTFOLIO purchase the debt and the Total Balance as of the date of the letter, even when the accrued interest and "Costs and Others Fees" are zero.

31.     PORTFOLIO regularly sends letters to consumers concerning debts, which states a higher amount for the Total Balance Due than the amount listed as the balance at the date PORTFOLIO purchase the debt, even when the accrued interest and "Costs and Others Fees" are zero.

## POLICIES AND PRACTICES COMPLAINED OF

32.     It is PORTFOLIO's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)     By making false representations of the character or legal status of a debt; and

      (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

33.     On information and belief, PORTFOLIO has sent written communications, in the form annexed hereto as Exhibit A to at least 40 natural persons in the State of New Jersey.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

35.     Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36.     Defendant sends written communications, which would cause the least sophisticated consumer to be confused as to amount of the debt.

37.     Defendant sends written communications to consumers, which falsely represent a higher balance than the true balance of the debt.

38.     Defendant sends written communications which in an amount not permitted by the agreement creating the debt or the permitted by law.

39.     15 U.S.C. 1692e(10) prohibits a debt collector from using any false representations or deceptive means in connection with the collection of a debt.

40.     Defendant violated 15 U.S.C. 1692e(10) by sending a written communications in connection with the collection of debts which provides different amounts for the balance at the date PORTFOLIO purchase the debt and the Total Balance as of the date of the letter, and where the accrued interest and "Costs and Others Fees" are stated as zero in the same communication.

41.     Defendant violated 15 U.S.C. 1692e(10) by sending a written communications in connection with the collection of debts which provides a higher amount for the Total Balance Due than the amount listed as the balance at the date PORTFOLIO purchase the debt, and where the accrued interest and "Costs and Others Fees" are stated as zero in the same communication.

42.     The least sophisticated consumer upon reading the January 24, 2018 letter would be confused as to what the correct balance is.

43.     The least sophisticated consumer upon reading the January 24, 2018 letter would confused as whether balance on the debt is: (1) $1,193.15 or (2) $1,271.01.

44.     The January 24, 2018 letter can be read to have two or meanings: (1) the balance of the debt is $1,193.15 or (2) the balance of the debt is $1,271.01.

45.     15 U.S.C. 1692e(2)(A) prohibits a debt collector from making a false representation as to the amount of the debt, in connection with the collection of a debt.

46.     Defendant violated 15 U.S.C. 1692e(2)(A) by sending a written communication to Plaintiff in connection with the collection of a debt which provided two different balances (1) $1,193.15 or (2) $1,271.01, one of which is a false representation.

47. Defendant violated 15 U.S.C. 1692e(2)(A) by sending a written communications in connection with the collection of debts which provides a Total Balance, which is actually different from the true balance of the debt.

48. Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

49. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

50. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

51. Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

52. Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f by attempting to collection an amount not authorized the agreement creating the debt or permitted by law.

53. Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f by attempting to collect an amount, which is different from the actual amount of the debt.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff actual damages;

(d)       Pre-judgment interest;

(e)       Post judgment interest;

(f)       Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses; and

(g)       Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.

Dated: March 19, 2018

<div style="margin-left:40%">

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
Law Offices of Joseph K. Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

</div>

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

<div style="margin-left:40%">

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

</div>

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 19, 2018

_s/ Joseph K. Jones_____
Joseph K. Jones, Esq.

# Exhibit

# A

## Portfolio Recovery Associates, LLC

January 24, 2018

Re:  Verification Information Concerning Portfolio Recovery Associates, LLC ("PRA, LLC")
Account Number: ███████████357
SELLER: CAPITAL ONE BANK (USA) N.A
MERCHANT: ORCHARD BANK
Charge Off Creditor: CAPITAL ONE BANK (USA) N.A.
Charge Off Creditor Address: 26525 N. RIVERWOODS BLVD. METTAWA IL 60045
Current Creditor: Portfolio Recovery Associates. LLC

Dear WAYNE O MORELLO:

The following information is being provided in response to your recent communication concerning the account referenced above. Account Number ███████████357 and its proceeds were sold, assigned and transferred by the Seller to PRA. LLC on 07/18/2013. At the time of the sale, the Seller provided an electronic file of its business records concerning this account. According to the Seller's records, there was due and payable from WAYNE O MORELLO to the Seller in the sum of $1,193.15 with respect to the account, as of 07/18/2013, there being no known un-credited payments, counterclaims, or offsets against this account at the date of its sale.

Here is a summary of additional information listed in the electronic file for this account:

| | |
|---|---|
| Account holder's Name Provided By Seller: | WAYNE O MORELLO |
| Account holder's Last 4 Digits of SSN: | ████ |
| Date Account Opened Provided by Seller: | 08/10/2011 |
| Balance at date of PRA, LLC purchase: | $1,193.15 |
| Interest accrued since the date of purchase or last payment to PRA, LLC: | $0.00 |
| Costs and Other Fees: | $0.00 |
| Total Balance: | $1,271.01 |

Please contact us if you would like to receive a payment history of payments that have posted to this account since our company purchased this account.

Disputes Department
PORTFOLIO RECOVERY ASSOCIATES, LLC
140 CORPORATE BOULEVARD
NORFOLK VA 23502
Phone: 1-800-772-1413
Fax: (757) 321-2519
**Hours of Operation (EST):** 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun.

### This communication is from a debt collector but is not an attempt to collect a debt.

Notice: See Reverse Side for Important Information

---

DEPT 922 ███████████5
PO BOX 4115
CONCORD CA  94524

ADDRESS SERVICE REQUESTED

։լ․վի․ll․ll։ել․ll:լ․t․ll․l:l։l:l:t։լ․ll:l։l․ll:lխl․l:l:li:

WAYNE O MORELLO
█████

D4
PORTFOLIO RECOVERY ASSOCIATES, LLC
DISPUTES DEPARTMENT
140 CORPORATE BOULEVARD
NORFOLK VA 23502

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES:** Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
**DISPUTES E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**QUALITY SERVICE AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated?  Our company strives to provide professional and courteous service to all our customers.  Contact one of our staff to discuss issues related to our quality of service to you by phone at (800) 772-1413 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**COLORADO**: Office located at 4600 South Syracuse Street, Suite 966, Denver, CO 80237. Telephone 1-866-508-4751.

**MAINE:** Telephone number at licensed location is (800) 772-1413. Hours of operation at licensed location are 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun. (EST).

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 2045465, 2052875, 2061138.

**NORTH CAROLINA:** Collection Agency Permit No. 4132.