# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE MORELLO, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1-25,<br><br>Defendants. | Civil Case No.: 3:18-cv-03742 (BRM)(TJB)<br><br>NOTICE OF MOTION |

## PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Wayne Morello (the "Plaintiff or "Class Representative"), respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(l): (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; and (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2). In support of their motion, the Parties state:

1.      This action was brought by the Plaintiff on his own behalf and on behalf of all other persons similarly situated to the Plaintiff. [ECF No. 1]

2.      Plaintiff asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") in connection with a collection letter PRA sent to Plaintiff, which Plaintiff alleges violated 15 U.S.C. §1692 *et seq*. [ECF No. 1] Defendant denies all of these factual allegations and the Court has not made a finding of liability against Defendant. [ECF No. 7]

3.        Counsel for Plaintiff and Counsel for Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and  expense involved in pursuing the litigation to conclusion.

4.        Based upon this review and analysis, counsel for Plaintiff and Defendant embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit "A".

5.        Plaintiff and Defendant have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and agree that, for settlement purposes only, the following requirements are met:

a.    The class is sufficiently numerous such that joinder of all members is impracticable.

b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual members.

c.    The Class Representative has claims typical to those of the class members.

d.    The Class Representative and his counsel are adequate representatives for the Class.

e.    Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

6.        Under the terms of the Class Action Settlement Agreement and subject to court approval:

a.    A fund in the amount of $10,000.00 is established for purpose of satisfying the claims of the Class.

b.    Defendant must pay each Class Member who does not opt out a pro rata share of the $10,000.00 fund.

c.    Defendant must pay $1,500.00 to the Class Representative for his role

in this litigation from the fund.

d.    Defendant must pay attorney fees and costs in the total amount of $25,000.00. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

e.    Defendant shall cause Notice to the Class to be mailed within 30 days after entry of the Preliminary Approval Order.

f.    Defendants must cause to be mailed to the Class members, by first class mail: (1) the Class Notice and (2) the settlement checks.

g.    As part of the amount agreed upon by the parties, Defendant shall pay the costs of Notice to Class Members and Administration of the Class Action Settlement.

h.    To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks must be paid over as a *cy pres* award to Class Counsel to be distributed to the National Consumer Law Center.

7.    Counsel for Plaintiff and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed class.

8.    The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

9.    Plaintiff proposes the form of notice to be sent to each Class Member, attached as Exhibit "B", via first class mail.

10.    Plaintiff has proposed a Preliminary Approval Order and Final Approval Order, attached as Exhibits "C" and "D", respectively.

WHEREFORE, the Plaintiff respectfully request that the Court enter an order:

(1) certifying the proposed Class for settlement purposes;

(2) preliminarily approving the proposed Class Settlement Agreement;

(3) directing notice to be sent to the Class via first class mail; and

(4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

**JONES, WOLF AND KAPASI, LLC**
*Attorneys for Plaintiff*

By: */s/ Joseph K. Jones*
      Joseph K. Jones, Esq.

375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

WAYNE MORELLO on behalf of himself
and all others similarly situated,

    Plaintiff,

-vs-

PORTFOLIO RECOVERY ASSOCIATES;
and JOHN DOES 1-25,

    Defendant.

Civil Action No.  3:18-cv-03742 (BRM)(TJB)

**Civil Action**

**CLASS SETTLEMENT
AGREEMENT**

       This Class Settlement Agreement dated as of _____, 2019, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Wayne Morello, on behalf of himself and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendant, Portfolio Recovery Associates, LLC, by and through its counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

       1.    **Parties.**  Defendant Portfolio Recovery Associates, LLC ("PRA") and Plaintiff Wayne Morello ("Plaintiff") individually, and as representative of the class of persons defined below in Paragraph 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from PRA's collection letter attached as Exhibit A to Plaintiff's Complaint in this Litigation [ECF Doc. 1, Exhibit A]. Plaintiff and PRA are collectively referred to hereinafter as the "Parties."

---

1 As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

2.      **Nature of litigation.** On March 19, 2018, Plaintiff, individually and on behalf of a class, filed this lawsuit in the United States District Court for the District of New Jersey, which was captioned as Wayne Morello, *et al* v. Portfolio Recovery Associates, LLC, *et al.*, D.N.J. Case No.: 3:18-cv-03742 (BRM)(TJB) (the "Litigation"). [ECF Doc. 1]. The Litigation alleged PRA violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), by sending consumers written collection letters, which allegedly made false, deceptive, and misleading statements in an effort to collect a debt. PRA filed an answer to the complaint denying it violated the FDCPA and denying all liability to Plaintiff and the Settlement Class. [ECF Doc. 7].

The Parties subsequently engaged in discovery and extensive arms-length discussions to resolve the Litigation, which included the informal exchange of information and documents relevant to Plaintiff's class claims and damages and reached a settlement which ultimately culminated with this Agreement.

3.      **Denial of Liability.**  As noted, supra, PRA denies violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. PRA desires to settle the claims brought solely to avoid the burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter, which is attached as Exhibit A to Plaintiff's Complaint in the Litigation [ECF Doc. 1, Exhibit A], and all claims which have or could have been asserted by Plaintiff and the Settlement Class against PRA in the Litigation.

4.      Plaintiff, individually and on behalf of the Settlement Class, desires to settle his claims against PRA, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5.      Plaintiff's counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, exchanging formal and informal written discovery. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, PRA and PRA's counsel collectively agree to settle the claims of the Plaintiff and the Settlement Class arising from the PRA's collection letter attached as Exhibit A to Plaintiff's Complaint in the Litigation, subject to the Court's approval, on the following terms and conditions.

**TERMS**

7.    **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses without prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8.    **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All New Jersey consumers who were sent letters and/or notices from PRA, March 19, 2017 to present, concerning a debt owed to it, which was charged off by Capital One, where the stated "Balance at date PRA, LLC purchase" and "Total Balance Due" are different amounts, and where the accrued interest and "Costs and Others Fees" are stated as zero.

9.    **Class Size.** During discovery, PRA has provided documentation to Class Counsel concerning the number of claims and class members. Specifically, that there are approximately 136 persons who fit within the class definition and, therefore, are in the Settlement Class.

10.    **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, PRA shall provide the following relief to Plaintiff and the Settlement Class:

> (a)    PRA will create a class settlement fund of $10,000.00 ("Class Recovery"), which Class Administrator Heffler Claims Group, will distribute pro rata among those Settlement Class Members who do not exclude themselves. Checks issued to Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Members' checks, these remaining funds will be distributed as set forth in ¶10(d).

3

(b)     PRA shall pay $1,000.00 to Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $500.00 in recognition of his service to the Settlement Class. Therefore, Plaintiff will receive $1,500.00 in total;

(c)     PRA shall pay all costs associated with providing notice to the Settlement Class under this class settlement and all costs of administering the class settlement; Heffler Claims Group, is the company that will administer the settlement notice.

(d)     Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to the National Consumer Law Center, which is one of the nation's strongest pro bono and clinical programs, who provides pro bono legal services for economically disadvantaged residents throughout the State of New Jersey. The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

(e)     Subject to the Court's approval, PRA agrees to pay Class Counsel $25,000.00 as reasonable attorneys' fees and costs incurred in the prosecution of a "successful action" under 15 U.S.C. § 1692k. The award of fees, costs, and expenses to Class Counsel shall be in addition to and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Class Counsel will not be entitled to any fees beyond the stated amount in this paragraph.

11.     Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to complete and postmark a request to "opt-out" the proposed settlement or to object to the proposed settlement.

12.     Any Settlement Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Members desiring to exclude themselves from the Litigation must serve copies of the request on Class Counsel and PRA's

counsel at the addresses listed in Paragraph 26 of this Agreement by the date set by the Court. Any Settlement Class member who "opts-out" of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

13.     Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and PRA's counsel at the addresses set forth in Paragraph 26 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

14.     Within 21 days before the Effective Date, PRA shall distribute all monies set forth in Paragraph 10(a) to Heffler Claims Group and Paragraphs 10(b), and 10(e) to: "Jones, Wolf & Kapasi, LLC-Trust Account", and within 30 days after the Effective Date, Heffler Claims Group and Jones, Wolf & Kapasi, LLC shall disburse those monies in accordance with this Agreement.

15.     **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)     Plaintiff, Wayne Morello, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through him (collectively "Releasors"), releases and discharges PRA, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for PRA) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without

limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to PRA's collection activity.

(b)     Each member of the Settlement Class who does not "opt-out" releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to PRA's collection letter that is attached as Exhibit A to Plaintiff's Complaint in the Litigation [ECF Doc. 1, Exhibit A].

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts which PRA was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     PRA does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their alleged debts. The underlying debts PRA sought to collect are not affected by this Agreement. This Agreement does not prevent PRA from continuing to attempt to collect the debts allegedly owed by Settlement Class Members.

16.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and PRA meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17.     **Notice Costs and Related Matters.** PRA will pay all costs of providing notice to the Settlement Class and settlement administration, as described above in Paragraph 10(c).

18.     **Notice.** Within ten (10) days of entry of the Preliminary Approval Order, PRA shall

provide Heffler Claims Group, with a spreadsheet containing the names last known and addresses of the Settlement Class Members, according to PRA's business records. Within twenty (20) days of entry of the Preliminary Approval Order, Heffler Claims Group, shall cause actual notice to be sent to Settlement Class Members using PRA's foregoing spreadsheet. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within seven (7) days of receipt. Neither the Class Administrator, PRA, nor Plaintiff is required to skip trace any notices that are returned as undeliverable.

19.    PRA shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

20.    **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a)    Preliminarily approves this Agreement;

(b)    Certifies the Settlement Class defined in Paragraph 8 for settlement purposes;

(c)    Appoints Joseph K. Jones, Esq. and Benjamin J. Wolf, Esq. as Class Counsel;

(d)    Appoints Plaintiff, Wayne Morello, as the representative of the Settlement Class;

(e)    Sets dates for Settlement Class members to "opt-out" or to object;

(f)    Schedules a hearing for final approval of this Agreement;

(g)    Approves notice to the Settlement Class, to be directed to the last known address of Settlement Class Members as shown in PRA's business records;

7

> (h)  Finds that mailing of the Settlement Class notice and the other measures specified in Paragraph 18 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

21.    The Parties agree to request the form of notice to the Class Members and proposed the form of preliminary approval order attached to the Notice of Motion. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

22.    **Final approval.** At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Class Counsel, PRA, and PRA's counsel shall request that the Court enter a Final Order:

> (a)  approving the terms of this Agreement as fair, reasonable, and adequate;
>
> (b)  providing for the implementation of its terms and provisions;
>
> (c)  certifying the Settlement Class for settlement purposes;
>
> (d)  finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;
>
> (e)  dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and further costs except as provided herein;
>
> (f)  retaining exclusive jurisdiction to enforce the terms of this Agreement;
>
> (g)  directing Class Counsel, after all money has been distributed

from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of Agreement have been complied with and providing an accounting of how the Class Recovery was distributed; and

(h)  directing that ten (10) days after the filing of the notice contemplated in Paragraph 22(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or PRA.

23.    The Parties agree to request the form of final order attached hereto the Notice of Motion. Any required non-substantive changes in the final order does not invalidate this Agreement.

24.    **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby discharges and releases the "Released Parties," as defined in Paragraph 15(a) above, of and from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be determined and distributed pursuant to Paragraph 10(e).

25.    **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein including, but not limited to, resolution of the amount of Class Counsels' attorneys' fees and costs prior to the fairness hearing. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability to the Settlement Class.

26.    Notices of exclusion requests and objections related to this Agreement shall be sent to:

Counsel for Plaintiff:                    Counsel for PRA:
Joseph K. Jones, Esq.                     Jonathan P. Floyd, Esq.
JONES, WOLF & KAPASI, LLC                 Troutman Sanders, LLP
375 Passaic Avenue                        875 Third Avenue
Fairfield, NJ 07004                       New York, NY 10022
Telephone: 973.227.5900                   Telephone: 212-704-6227
Facsimile: 973.244.0019                   Email: jonathan.floyd@troutman.com
Email: jkj@legaljones.com

9

The persons and addresses designated in this Paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

27.     The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

28.     This Agreement may be executed in multiple counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

29.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

30.     This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey.

31.     If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

32.     If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

[Signatures on Following Page]

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed:

Plaintiff Wayne Morello, on behalf of herself                Defendant, PORTFOLIO RECOVERY
and all others similarly situated,                          ASSOCIATES, LLC

_____            _____

WAYNE MORELLO                              By:
Dated:                                     Its, _____
                                           Dated:

11

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WAYNE MORELLO, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>-vs-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1-25,<br><br>    Defendant. | Civil Action No.  3:18-cv-03742 (BRM)(TJB)<br><br>**Civil Action**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, FAIRNESS HEARING, FINAL SETTLEMENT APPROVAL HEARING AND DISTRIBUTION OF COUNSEL'S FEES** |

**If you received a collection letter from PORTFOLIO RECOVERY ASSOCIATES, LLC, you may benefit from this class action settlement.**

*The case is titled Wayne Morello et al v. Portfolio Recovery Associates, LLC,*
*D.N.J. Case No.: 3:18-cv-03742 (BRM)(TJB)*

*A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A**
**CLASS ACTION LAWSUIT.**
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |

| **OBJECT** | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
|---|---|
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**1.      Why did I get this notice?**

You are receiving this notice because you were identified as a person to whom Defendant, Portfolio Recovery Associates, LLC, ("PRA") sent a collection letter between March 19, 2017 and present, in an attempt to collect in an attempt to collect a debt, which originated with Capital One.

**2.      What is this lawsuit about?**

This lawsuit claims that PRA violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA") by sending consumers written collection letters, which Plaintiff alleges made false, deceptive, and misleading representations in an effort to collect a debt. PRA filed an answer to the lawsuit denying that its collection letter violates the FDCPA.

**3.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case, Wayne Morello), sue on behalf of a group (or a "Class") of people who have similar claims regarding a materially similar collection letter used by PRA in an attempt to collect a debt on behalf.

**4.      Why is there a settlement?**

To avoid the risk and delay of litigation, Plaintiff and PRA (the "Parties") reached a settlement agreement as to Plaintiff's and the Class's claims.

**5.      How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All New Jersey consumers who were sent letters and/or notices from PRA, March 19, 2017 to present, concerning a debt owed to it, which was charged off by Capital One, where the stated "Balance at date PRA, LLC purchase" and "Total Balance Due" are

different amounts, and where the accrued interest and "Costs and Others Fees" are stated as zero.

PRA estimates that, based on its electronic records, the class consists of approximately 136 Class members. According to PRA's records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

**6.    What can I get from the settlement?**

PRA will create a class settlement fund of $10,000.00 ("Class Recovery"), which Class Administrator Heffler Claims Group will distribute pro rata among those Settlement Class Members who do not exclude themselves. There are approximately 136 Class Members.

**7.    When will I receive these benefits?**

You will receive these benefits approximately 45-60 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

**8.    I want to be a part of the settlement. What do I do?**
Nothing. You do not need to do anything to be part of the settlement.

**9.    What am I giving up if I remain in the settlement?**

By staying in the Class, all of the Court's orders will apply to you, and you give PRA a "release." A release means you cannot sue or be part of any other lawsuit against PRA about the claims or issues in this lawsuit with respect to the claims made in the Complaint.

**10.    How much will the Class Representative receive?**

The Plaintiff, Wayne Morello, will receive a payment of $1,500.00 for his individual statutory damages under the FDCPA and his services to the Class. This payment is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against PRA, then you must take steps to exclude yourself from this settlement.

## 11.    How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Wayne Morello et al v. Portfolio Recovery Associates, LLC, 3:18-cv-03742 (BRM)(TJB)*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked no later than _____, to:

Class Counsel:

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile:  973.244.0019
email:jkj@legaljones.com;
       bwolf@legaljones.com

## 12.    If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement, but you will have the right to sue PRA over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

## 13.    Do I have a lawyer in this case?

The Court has appointed Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., of Jones, Wolf & Kapasi, LLC, to serve as Class Counsel. You will not be charged for this lawyer; however, they will receive a payment from PRA in an amount to be determined by and approved by the Court.

If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by_____.

### 14.     How will the lawyers be paid?

Subject to the Court's approval, PRA has agreed to pay Class Counsel a total of $25,000.00 as attorneys' fees and costs incurred with respect to the Plaintiff and the Class claims. The award is in addition to, and shall in no manner reduce, the amount of benefits due the class. The Parties will jointly ask the Court to approve the foregoing amount of attorney's fees and costs as part of Class Counsel's application for attorneys' fees, costs, and expenses through Final Judgment. The attorneys' fees and costs paid by PRA and will not be taken out of the class settlement fund.

**CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT**

### 15.     Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the Class against PRA is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. Plaintiff's complaint does not allege any actual damages. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the PRA's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $10,000.00 will be divided between those of the approximately 136 potential class members, in which case each claim will likely receive approximately $73.50.

### 16.     What is the Defendant's view of this settlement?

As stated above, PRA filed an answer denying that its collection letter or practices violated the FDCPA. PRA desires to settle the claims of the Class to avoid the risk, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter that is the subject of this lawsuit.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

**17.**     **How do I tell the Court that I do not like the Settlement?**

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Wayne Morello et al v. Portfolio Recovery Associates, LLC, D.N.J. Case 3:18-cv-03742 (BRM)(TJB)*, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____ to: Clerk of the Court, United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.

You must also mail a copy of your objection to:

<u>Class Counsel</u>:
Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue,  Suite 100
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile: 973.244.0019
email:  jkj@legaljones.com;
        bwolf@legaljones.com

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

**18.**     **Where and when is the fairness hearing?**

The Court will hold a fairness hearing on_____ at 10:00 a.m. in the courtroom of the Honorable Tonianne J. Bongiovanni, U.S.M.J., United States District Court Judge, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

GETTING MORE INFORMATION – CONTACT:

Class Counsel:

> Joseph K. Jones, Esq.
> Benjamin J. Wolf, Esq.
> JONES, WOLF & KAPASI, LLC
> 375 Passaic Avenue, Suite 100
> Fairfield, NJ 07004
> Telephone: 973.227.5900
> Facsimile: 973.244.0019
> Email: jkj@legaljones.com;
>     bwolf@legaljones.com

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**

They are not permitted to answer your questions.

# EXHIBIT C

# United States District Court
# for the District of New Jersey

WAYNE MORELLO on behalf of himself
and all other similarly situated,

 Plaintiff,

vs.

PORTFOLIO    RECOVERY    ASSOCIATES,
LLC; and JOHN DOES 1-25,

 Defendants.

Civil Case No.: 3:18-cv-03742 (BRM)(TJB)

### Preliminary Approval Order of the Class Action Settlement

This matter comes before the Court on the request (the "Motion") of Wayne Morello ("Morello"), and a class of persons similarly situated (collectively "Plaintiff or "Settlement Class Members"), for preliminary approval of the Class Action Settlement Agreement, dated July 12, 2019 (the "Agreement"). The Court has reviewed the Agreement and the exhibits attached to the Notice of Motion, and, good cause appearing, In support of their motion, the Parties state:

 IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2.    The Court hereby provisionally certifies the following Class solely for settlement purposes:

The class consists:

All New Jersey consumers who were sent letters and/or notices from PRA, March 19, 2017 to present,  concerning a debt owed to it, which was charged off by Capital One, where the stated "Balance at date PRA, LLC purchase" and "Total Balance Due" are different amounts, and where the accrued interest and "Costs and Others Fees" are stated as zero.

The Class described above includes approximately 136 persons.

3.      Based on the Parties' stipulation, and for settlement purposes only:

   (A)   the class as defined is sufficiently numerous such that joinder is impractible;

   (B)   common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.§1692 *et seq.* ("FDCPA") when it sent a collection letter to Plaintiff and the Class;

   (C)   the claim of Plaintiff, Wayne Morello is typical of the Class Members Claims;

   (D)   Plaintiff, Wayne Morello is an appropriate and adequate representative for the Class and his attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., of Jones, Wolf & Kapasi, LLC are hereby appointed as Class Counsel; and

   (E)   a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

4.      The Court finds that the proposed class action settlement is within the range of fairness and reasonableness and grants preliminary approval of the Settlement Agreement. In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain their right to contest certification of the Class.

5.      If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any

purpose, except as provided in the Agreement or herein.

6.    A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, 2019 at a.m./p.m.

7.    The Court directs Defendant's Counsel to pay the costs of Class Notice and Administration.

8.    The Court approves the proposed form of notice to the class members, to be directed to the last known address of the class members as shown on Defendant's records. Defendants shall cause the administrator to mail notice to class members on or before, ＿＿＿＿＿＿＿＿＿＿ 2019 (within 30 days after entry of the Preliminary Approval Order). The administrator will have the notice sent by any form of bulk mail that provides address-forwarding mail to each address. It will re-mail any notice that is returned with a forwarding address within five (5) business days.

9.    The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and FED. R. CIV. P. 23(c)(2)(B).

10.    Class members shall have 45 days from the mailing of class notices to request exclusion or object to the proposed settlement. If notice is mailed on ＿＿＿＿＿＿, 2019, Class members shall have until ＿＿＿＿＿＿, 2019 to request exclusion, or object to the proposed settlement. Any class member who desires to exclude him or herself from the action must mail a request for exclusion to counsel for Defendant and Class Counsel by that date. Class Counsel shall forward all opt out requests to Counsel for Defendant. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on counsel for

Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.

11.     Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than forty-five (45) days after the Void Date.

12.     The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

13.     Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by checking the appropriate box on the claim form or by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN Wayne Morello et al v. Portfolio Recovery Associates, LLC, D.N.J. Case No.: 3:18-cv-03742"

14.     The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than fifteen

(15) business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals who timely and effectively request exclusion.

15.    Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendants' Counsel a written notice of objection no later than 14 days before the Settlement Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to Class Counsel and Defendants' Counsel with the written notice of request for exclusion. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making; any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Settlement Class Counsel, unless otherwise ordered by the Court.

16.    The Court notes that Defendants deny any liability to the Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants, and their current and former officers, directors, trustees, members, principals, successors, assigns, and agents and all persons acting by, through, or in any way on behalf of the Defendants, be released, relinquished, discharged on the terms set

forth herein be released in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendants arising from the claims alleged in the Complaint.

17.    All discovery and other proceedings in the Action are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement or complying with the terms of the Agreement.

18.    The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

19.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.


SO ORDERED this ____day of _____, 2019.


_____
Honorable,

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WAYNE MORELLO**,** on behalf of himself and all other similarly situated, | |
| Plaintiff, | Civil Case No.: 3:18-cv-03742 (BRM)(TJB) |
| vs. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1-25**,** | |
| Defendants. | |

### FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter came for hearing on_____, upon the application (the "Motion") of Wayne Morrello  ("Morello"), and a class of persons similarly situated (collectively "Plaintiff' or "Settlement Class Members"), for approval of the Class Action Settlement Agreement, dated July 12, 2019 (the "Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    On this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendants for the claims alleged in the above-captioned matter: Wayne Morello et al v. Portfolio Recovery Associates, LLC, D.N.J. Case No.: 3:18-cv-03742 filed in the United States District Court for the District of New Jersey. The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by first- class mail to

_____ individuals who are deemed Settlement Class Members. A total of _____ envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and _____ envelopes were returned and re-mailed to a forwarding address. _____ class members submitted timely requests for exclusion and class member(s) requested exclusion after the deadline of _____. _____ class member(s) sent a letter that is ambiguous. The Court has found that _____ class members opted into the Settlement, _____ class members excluded themselves from the Settlement, and _____ members objected to the Settlement.

2.      The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Class Settlement Members, and the Defendant.

4.      The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Classes, and fully met the requirements of New Jersey law and due process under the United States Constitution.

5.      The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.      Except as to any individual claim of class members who have requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Plaintiff and Class Representative and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7.     For purposes of settlement the parties stipulate to the following class:

All New Jersey consumers who were sent letters and/or notices from PRA, March 19, 2017 to present,  concerning a debt owed to it, which was charged off by Capital One, where the stated "Balance at date PRA, LLC purchase" and "Total Balance Due" are different amounts, and where the accrued interest and "Costs and Others Fees" are stated as zero.

The parties represent that there are a total of approximately 136 members of the Class.

8.     The Court finds that the stipulated class meets the requirements of Rule 23. Specifically, the Court finds that:

(a)     The class is so numerous that joinder is impracticable.

(b)     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

(c)     Plaintiff's claims are typical of the claims of the class members.

(d)     Plaintiff and class counsel have fairly and adequately represented the interests of the class members.

(e)     A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9.     Excluded from the Settlement Class are _____ Class members, who timely and validly requested exclusion.

10.    Defendant will maintain a list of class members who are subject to the Release.

11.    Each Class Member not opting out as of the Effective Date does hereby release and forever discharge the Defendant, and its Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class now has, ever had, or hereafter may have against the released parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class in the

Complaint. This Agreement does not address the validity of the debts allegedly owed by the Class Members. Morello and the Class Members do not release their right to dispute any alleged debt or any part of an alleged debt unrelated to the collection letter at issue. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

12.     Morello, his assigns, heirs, successors, agents, attorneys and personal representatives do hereby release and forever discharge the Released Parties of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in the Complaint. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

13.     Morello and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying debt collection litigation brought by or on behalf of PRA.

14.     Subject to Court approval, for his actual and statutory damages and for his service as class representative, Morello will receive One Thousand Five Hundred Dollars ($1,500.00) as a monetary incentive award within 21 days after the Effective Date.

15.     Within 21 days of the Effective Date, Defendant shall pay the sum of $10,000.00 to the Class Administrator to be divided on a pro rata basis among the Class Members who have not timely "opted-out" of the Class Settlement.

16.     Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    a.     is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

b.      is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

17.      The Court dismisses the claims of Plaintiff and the Class against Defendant without prejudice and without costs.

18.      Within twenty-one (21) days after the Effective Date, Defendants shall make all payments required by the Agreement.

19.      Within thirty (30) days of the Effective Date, the Class Administrator shall issue the checks and deliver them to claimants.

20.      If any Settlement Class Member fails to cash a settlement check within sixty (60) days of mailing ("Void Date"), the check will be void, Defendants shall be released from any related obligation to the Settlement Class Member, and the Settlement Class Member's right to receive benefits in the Action and pursuant to the Settlement shall be deemed forfeited.

21.      The Court designates the National Consumer Law Center as the *cy pres* recipient. Class Counsel shall issue the cy pres award to the National Consumer Law Center within 30 days of the Void Date.

22.      When all of the following have been completed: (i) payments to Plaintiff and the Class, (ii) the expiration of fifty (50) days after the Void Date, (iii) payment of attorney's fees, and (iv) payment of the *cy pres* award, the Class Administrator shall file a "Notice of Compliance" that Class Counsel has complied with the Terms of the Agreement and all Class members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, National Consumer Law

Center. The Notice of Compliance will request that the Court convert the dismissal of the claims of Plaintiff and the Class against Defendants and the Released Parties in this Order to a dismissal with prejudice.

23.     The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $25,000.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendants shall pay $25,000.00 to Class Counsel in accordance with the Agreement. Payment shall be made within ten (10) days of the Effective Date.

24.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representatives, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

25.     This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

SO ORDERED this _____day of _____, 2019.

_____
Honorable