# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE MORELLO, on behalf of himself and all others similarly situated,<br><br>   Plaintiffs,<br><br>-vs-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1-25,<br><br>   Defendants. | Civil Case No.: 3:18-cv-03742 (TJB)<br><br>**Civil Action** |

## FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter came for hearing on December 18, 2019, upon the joint application (the "Motion") of WAYNE MORELLO, ("Plaintiff" and/or "Class Representative"), and a class of persons similarly situated (collectively the "Class Members"), and PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendants" or "PRA"), for approval of the Class Action Settlement Agreement, dated July 12, 2019 (the "Agreement"). Due and adequate notice having been given to the Class Members, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this action, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     On August 13, 2019, this Court preliminarily approved the Agreement reached between Plaintiff and Defendants for the claims alleged in the above-captioned matter *Wayne Morello, et al v. Portfolio Recovery Associates, et al, D.N.J. Case No* 3:18-cv-03742 (BRM)(TJB) filed in the United States District Court for the District of New Jersey (the "Litigation"). The Court approved a form notice for mailing to the class. The Court is informed

that actual notice was sent by first-class mail to seventy-four (74) individuals who are deemed Class Members. A total of zero (0) envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and zero (0) envelopes were returned and re-mailed to a forwarding address. Zero (0) Class Members submitted timely requests for exclusion and zero (0) Class Member(s) requested exclusion after the deadline of December 7, 2019. Zero (0) Class Member(s) sent letter(s) that are ambiguous. The Court has found that 75 Class Members opted into the Agreement, 0 Class Members excluded themselves from the Agreement, and 0 Class Members objected to the Agreement.

2.      The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Agreement.

3.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Class Members, and the Defendant.

4.      The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the class, and fully met the requirements of New Jersey law and due process under the United States Constitution.

5.      The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.      Except as to any individual claim of—Class Members who have requested exclusion from the class, all of the Released Claims-, as defined in the Agreement, are dismissed without prejudice as to the Plaintiff and Class Representative and the other Class Members, and

as against the Released Parties, as defined below. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7.      For purposes of settlement the parties stipulate to the following class:

All New Jersey consumers who were sent letters and/or notices from PRA, March 19, 2017 to present, concerning a debt owed to it, which was charged off by Capital One, where the stated "Balance at date PRA, LLC purchase" and "Total Balance Due" are different amounts, and where the accrued interest and "Costs and Others Fees" are stated as zero.

The parties represent that there are a total of approximately 75 members of the Class.

8.      The Court finds that the stipulated class meets the requirements of Rule 23. Specifically, the Court finds that:

(a)      The class is so numerous that joinder is impracticable.

(b)      There are questions of law and fact common to the Class Members, which common questions predominate over any questions that affect only individual Class Members.

(c)      Plaintiff's claims are typical of the claims of the                    Class Members.

(d)      Plaintiff and his counsel ("Class Counsel") have fairly and adequately represented the interests of Class Members.

(e)      A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9.      Excluded from the Class are zero (0) Class Members, who timely and validly requested exclusion.

10.      Defendant will maintain a list of Class Members who are subject to the Release.

11.      Each Class Member who has not opted out does hereby release and forever discharge the Defendant, and its Related Parties (hereinafter, "the Released Parties") from all

causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class Members now have, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class Members in the Complaint. This Agreement does not address the validity of the debts allegedly owed by the Class Members. Plaintiff and the Class Members do not release their right to dispute any alleged debt or any part of an alleged debt unrelated to the collection letters at issue. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its-obligations therein.

12.    Plaintiff, his assigns, heirs, successors, agents, attorneys and personal representatives do hereby release and forever discharge the Released Parties of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in the Complaint. This release is conditioned on the final approval of the Agreement by the Court and Defendant meeting its obligations therein.

13.    Plaintiff and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying debt.

14.    Subject to Court approval, for his actual and statutory damages and for his service as Class Representative, Wayne Morello, will receive One Thousand Five Hundred Dollars ($1,500.00) as a monetary incentive award within 21 days after the Effective Date, which is defined in Paragraph 7 of the Agreement

15.    Within 21 days of the Effective Date, Defendant shall pay the sum of $10,000.00 to the Class Administrator, The Heffler Claims Group, to be distributed equally to those Class Members who do not exclude themselves from the Agreement (the "Class Settlement Fund").

16.    Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the

settlement:

    a.     is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    b.     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

17.    The Court dismisses the claims of Plaintiff and the Class Members against Defendant with prejudice and without costs.

18.    Within twenty one (21) days after the Effective Date, Defendant shall make all payments required by the Agreement.

19.    Within thirty (30) days of the Effective Date, the Class Administrator shall issue the checks and deliver them to the Class Members who do not exclude themselves from the Agreement.

20.    If any Class Member fails to cash a settlement check within sixty (60) days of mailing ("Void Date"), the check will be void, Defendant shall be released from any related obligation to the Class Member, and the Class Member's right to receive benefits in the Action and pursuant to the Settlement shall be deemed forfeited. The Class Member(s)' releases stated herein and in the Agreement shall remain.

21.    The Court designates the National Consumer Law Center as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to the National Consumer Law Center within 30 days of the Void Date.

22.    When all of the following have been completed: (i) payments to Plaintiff and the

Class Members, (ii) the expiration of thirty (30) days after the Void Date, (iii) payment of attorney's fees, and (iv) payment of the *cy pres* award, the Class Administrator shall file a "Notice of Compliance" that Class Counsel has complied with the terms of the Agreement and all Class Members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, National Consumer Law Center. The Notice of Compliance will request that the Court convert the dismissal of the claims of Plaintiff and the Class Members against Defendant and the Released Parties in this Order to a dismissal with prejudice.

23.    The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $25,000.00. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $25,000.00 to Class Counsel in accordance with the Agreement. Payment shall be made within twenty (21) days of the Effective Date.

24.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representative, the Class Members and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

25.    This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.


SO ORDERED this <u>19th</u> day of <u>December</u>                              , 2019.


                                                        Hon. Tonianne J. Bongiovanni


[Docket Entry No. 32 is terminated.]